UNITED STATES OF AMERICA

IN THE BANKURPTCY COURT FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION


IN THE MATTER OF JEFFREY R. GALLATIN      FILE NO.11- 42651

CHAPTER 7

HON. THOMAS J. TUCKER


_____


<u>DEBTOR'S OBJECTION TO TRUSTEE'S APPLICATION TO SELL REAL ESTATE</u>

Now comes the Debtor, by and through his attorney, David. I. Goldstein, and says, by way of his objection to the application of the Trustee to sell certain real estate of the bankruptcy estate, that:

1. The Debtor filed his petition under Chapter 7, Title 11, United States Code;

2. In doing so, he was seeking protection afforded him by the provisions of the Code;

3. The Debtor owns, inter alia, a 100% ownership of Gallatin Manor, LLC;

4. Gallatin Manor, LLC., in turn, owns a multifamily residential building located at 332 E. William, Ann Arbor, Mi;

5. Douglas Ellmann, the Chapter 7 Trustee assigned to this matter, believes that the LLC., and the real estate owned by the LLC, are part of this matter's bankruptcy estate;

6. The Trustee sought permission from this Court to employ the services of a real estate broker to market the building;

7. That request was not opposed by the Debtor and was granted by the Court;

8. The broker employed by the Trustee, then, produced a proposed purchaser as set forth in the Trustee's application for permission to sell the property;

9. The purchase price proposed by the purchaser is woefully inadequate in that it does not take into consideration that the sale of the building to a third party will generate a capital gains tax liability without generating sufficient proceeds to cover that liability plus the liabiklity to the mortgage company or secured creditor Kumar;

10. Since the tax liability would be non-dischargeable, it would actually leave the Debtor in worse shape than had he not filed this action;

11. The property being sold is not owned by the debtor but by an LLC; the unsecured creditors of the LLC would have to be satisfied from the proceeds sale of the property before the unsecured creditors of this estate can receive a dividend, meaning that the proposed sale would provide no benefit to the bankrupt estate;

12. The Debtor has proposed an alternative to the sale that would produce a substantial dividend to the estate without creating the tax liability; which sale woud be cash, non-contingent and could be completed almost immediately;

13. If this is not acceptable to the Trustee, Debtor asks this court to reject the Trustee's request to approve the proposed sale and require the broker employed by the Trustee to properly market the property to obtain a better offer;

14. The Debtor is informed and believes that the broker did not make a proper effort to market the property but simply offered the property to someone he knew and had done previous business with;

WHEREFORE, Debtor prays that this Court deny the Trustee's request to approve the proposed sale of the building.

July 11, 2011                          /s/ David I. Goldstein
                                        David I. Goldstein P14130

                                       Attorney for Debtor

                                        2010 Hogback, Ste 2

                                       Ann Arbor, Mi 48105

                                       (734) 971-0110

                                       **Dstinger2684**@SBCGlobal.net