UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

JEFFREY GALLATIN                                            Chapter 7
                                                            Case No. 11-42651-tjt
                  Debtor.                                   Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION
(DOCKET # 90) AND TERMINATING STAY OF SALE ORDER**

      This case is before the Court on the Debtor's Motion for Reconsideration, filed May 25, 2012 (Docket # 90, the "Motion"). The Motion seeks reconsideration of the Court's Order filed May 17, 2012, entitled "ORDER APPROVING SALE OF ASSETS FREE AND CLEAR OF CERTAIN LIENS, AND GRANTING OTHER RELIEF" (Docket # 86, the "Gallatin Manor Sale Order").

      The Court ordered the Chapter 7 Trustee to file a response to the Motion. The Court has reviewed the Motion and the Trustee's response, and all related papers. The Court concludes that a hearing on the Motion is not necessary, and that the motion should be denied.

      The Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

      In addition, the Court finds that the allegations in the Motion do not establish any valid ground, under Fed.R.Civ.P. 60(b), Fed.R.Bankr.P. 9024, or otherwise, for relief from the Gallatin Manor Sale Order.

      In addition, the Court notes the following. First, the Court remains troubled by the fact that the Trustee's counsel who attended the May 16, 2012 sale hearing represented to the Court that the purchaser had agreed to increase the purchase price for the Gallatin Manor property to $2,950,000.00, but did not inform the Court about the related change that the Trustee had agreed to with the purchaser, namely the inclusion of the buyer's contingency that appeared in Paragraph 7(b) of the purchase agreement that was filed on May 17, 2012, the day after the sale hearing (Docket # 85). That new buyer's contingency gives the purchaser the right to terminate the purchase agreement and receive his deposit back, if the purchaser is unable to obtain the first lien mortgage holder's agreement to accept a discounted payoff of its mortgage debt that is satisfactory to the purchaser, by the end of the "Inspection Period." Trustee's counsel knew of this change, and says that he informed the other parties of the revised purchase agreement terms shortly before the May 16 hearing. But Trustee's counsel failed to inform the Court of this change during the May 16 hearing, and counsel certainly should have done so.

Second, however, and despite the Trustee counsel's failure to fully inform the Court of the new Paragraph 7(b) terms at the May 16 hearing, and even with the addition of Paragraph 7(b) to the purchase agreement, the Court finds that there is not sufficient reason to reverse its granting of the sale motion or to vacate or modify the Gallatin Manor Sale Order. Even with the new buyer's contingency in Paragraph 7(b), the Court's decision on the sale motion is and would be the same as the decision the Court made during the May 16 hearing, and the decision reflected in the Gallatin Manor Sale Order, for the same reasons the Court stated in its bench opinion during the May 16 hearing.

Third, the Court interprets the revised purchase agreement (Docket # 85) and its new Paragraph 7(b) the way the Trustee does, namely, that if the sale closes, whatever amount the first lien mortgage holder agrees to accept as its payoff, whether that be an agreed, discounted payoff or an undiscounted payoff, that "payoff" amount will be deemed to satisfy in full the debt owing by Gallatin Manor LLC to the first lien mortgage holder, which debt is personally guaranteed by the Debtor in this case, Jeffrey Gallatin.[1] And even if this were not so, any payment to the first lien mortgage holder of any amount as a result of the closing of the sale would at a minimum pay down the unsecured debt owing by the Debtor Jeffrey Gallatin to the first lien mortgage holder under his personal guarantee, on a dollar-for-dollar basis.

Fourth, the Debtor's assertion in the Motion that the Trustee's proposed sale of the Gallatin Manor property will not benefit any unsecured creditors in this case is clearly wrong. As just noted, the sale will result at a minimum in a substantial payment to the first lien mortgage holder of the Gallatin Manor property, and that creditor is an unsecured creditor in this bankruptcy case, by virtue of Jeffrey Gallatin's personal guarantee of the Gallatin Manor LLC debt. So *that* unsecured creditor in this case will certainly receive a substantial payment of its unsecured debt in this case, from the Trustee's proposed sale of the Gallatin Manor property. And for the reasons stated by the Court in its bench opinion during the May 16 hearing, as well as the reasons argued by the Trustee,[2] it is likely that other unsecured creditors in this bankruptcy case will benefit from the proposed sale as well.

Fifth, Debtor misinterprets the Court's February 14, 2012 Order (Docket # 58). That order, which Debtor stipulated to, expressly authorizes the Trustee to do all of the following:

> 5. The Trustee is authorized to dissolve and wind-down the LLC for the purpose of selling the Property, and to identify and determine the amount of claims against the LLC for eventual payment.
>
> 6. The Trustee is authorized to pay, from income and funds belonging to the LLC, debts of the LLC related to the operation of the Property, or determined by the Trustee to be owing by the LLC, including the mortgage loan in favor of IMPAC Multifamily Capital Corporation and now serviced by PNC Bank.

---

[1] The Debtor Jeffrey Gallatin has not disputed the Trustee's assertion that he personally guaranteed this debt of Gallatin Manor, LLC to the first lien mortgage holder.

[2] *See* Trustee's Brief (Docket # 111); *see also* Trustee's Reply Brief (Docket # 121) filed in support of the Trustee's Turnover Motion (Docket # 94) at 2-4.

7. The Trustee is authorized to take any other action reasonably required for him to administer the Debtors membership interest in the LLC as property of the estate, and to liquidate the Property for the benefit of creditors of the LLC and for the benefit of the estate.

This Order, particularly Paragraph 7 of this Order, authorizes the Trustee in this case to sell the Gallatin Manor property for the benefit of creditors of Gallatin Manor LLC. It does not require, as a precondition for such a sale, that the sale will *also* benefit the creditors of Jeffrey Gallatin's bankruptcy estate. Debtor is simply wrong in asserting otherwise.

For all of these reasons, and for the reasons stated by the Court on the record during the May 16, 2012 hearing for granting the sale motion,[3]

IT IS ORDERED that the Motion (Docket # 90) is denied.

IT IS FURTHER ORDERED that the stay of the Gallatin Manor Sale Order, which the Court imposed in its Order filed May 26, 2012 (Docket # 96), is terminated.

**Signed on June 23, 2012**  /s/ **Thomas J. Tucker**
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[3] *See* Transcript (Docket #99) at 35-48.